UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES FRANCIS,

                    Petitioner,

v.                                    Case No. 3:12-cv-1134-J-12JBT

STATE OF FLORIDA, et al.,

                    Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a pretrial detainee incarcerated at the Montgomery Correctional Center, initiated this case by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1).   In the Petition, Petitioner raises several challenges to his pending criminal charge in state court and seeks the dismissal of the charge against him.

Since Petitioner is now awaiting trial on a criminal charge of burglary of an unoccupied structure, but has not yet been tried or convicted,[1] his request is barred by the abstention doctrine and the principles of exhaustion and comity.   Absent some exceptional

_____

[1] The Duval County docket reflects that Petitioner is represented by counsel and that the case is scheduled for a status hearing on November 1, 2012.   See https://showcase.duvalclerk.com (Case No. 16-2012-CF-003198-AXXX-MA).

circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted). "In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Attorney General of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45), cert. denied, 543 U.S. 1051 (2005). Petitioner has not shown that any of these three exceptions to the abstention doctrine apply in his case.

Moreover, Petitioner has not shown that he has exhausted any state remedies available to him in state court. See 28 U.S.C. § 2254(b)(1)(A). In the interests of comity, this Court should give the state courts the opportunity to rule on his claims before he seeks relief in the federal courts. See Rose v. Lundy, 455 U.S. 509 (1982). For these reasons, this Petition will be dismissed without prejudice.

- 2 -

If Petitioner appeals the dismissal of this case, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

- 3 -

Here, after due consideration, this Court will deny a certificate of appealability.

Therefore it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #1) is hereby **DISMISSED** without prejudice.

2.    The Clerk of the Court shall enter judgment dismissing the Petition without prejudice and close this case.

3.    If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this _31st_ day of October, 2012.

Howell W. Melton
_____
UNITED STATES DISTRICT JUDGE

sc 10/24
c:
Charles Francis

- 4 -